**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Dajlia Symone Torbit, Appellant.

Appellate Case No. 2016-002433

———————

Appeal From York County
John C. Hayes, III, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-417
Submitted September 1, 2018 – Filed November 7, 2018

———————

**AFFIRMED**

———————

Chief Appellate Defender Robert M. Dudek and
Appellate Defender Robert M. Pachak, both of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William Frederick Schumacher, IV,
both of Columbia, and Solicitor Kevin Scott Brackett, of
York, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006)

("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, [this c]ourt must find the case was properly submitted to the jury."); *State v. Butler*, 407 S.C. 376, 381, 755 S.E.2d 457, 460 (2014) ("On appeal from the denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the State."); S.C. Code Ann. § 16-9-320(B) (2015) ("It is unlawful for a person to knowingly and wilfully assault, beat, or wound a law enforcement officer engaged in serving, executing, or attempting to serve or execute a legal writ or process or . . . when the person is resisting an arrest being made by one whom the person knows or reasonably should know is a law enforcement officer, whether under process or not.").

**AFFIRMED.**[1]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.